ARTHUR O. BUTLER, APPELLEE, v. EPHRIAM W. DIXON
ET AL., APPELLANTS.

FILED DECEMBER 18, 1931.  No. 28012.

*Kennedy, Holland & De Lacy,* for appellants.

*Frank L. Frost* and *Brome, Thomas & McGuire, contra.*

Heard before GOSS, C. J., DEAN and EBERLY, JJ., and
CHASE and HASTINGS, District Judges.

PER CURIAM.

This action was begun in the district court for Douglas
county by Arthur O. Butler, plaintiff, against Ephriam W.
Dixon, Abraham Cohn, and Thomas E. Hunt, defendants
and copartners doing business under the firm name of
the Omaha Paper Stock Company, to recover for personal
injuries sustained by the plaintiff by reason of the alleged
negligence of an employee of the company.  The United
States Fidelity & Guaranty Company was joined as a
party defendant.  The jury returned a verdict for $5,000
in favor of the plaintiff.  From the judgment rendered
thereon, the defendants have appealed.

The plaintiff was engaged as a truck driver for the
Storz Brewing Company of Omaha and on March 27,
1929, he drove his truck into an alley to make a delivery.
While he was standing at the side of the truck, and en-
gaged in fastening stakes and chains thereon, a team and
wagon owned by the defendant company was driven into
the alley by an employee.  In attempting to pass the
truck, the wagon was driven so close thereto that the
rear ends of the truck and wagon collided.  The record
discloses that the driver pulled the team to the left, ap-
proximately six feet before it became necessary to do so,
to avoid striking a trap door in the alley.  The driver of
the team failed to look back to observe whether there was
sufficient clearance of the truck beside which the plaintiff
was standing.  And it appears that he failed to stop his

team immediately after the collision. The plaintiff was caught in such position that he was crushed between the wagon and the truck. Both the plaintiff and the driver of the team were familiar with the alley and, under the facts, we think the jury were justified in finding the defendant company's employee guilty of actionable negligence.

The contention of the defendant is that the verdict is excessive. But, in view of the plaintiff's injuries, we do not think so. The evidence fairly shows that the walls of his chest have been thereby weakened; that his right shoulder is lower than his left; and that his general physical strength has been permanently impaired. Plaintiff at the time of the accident was 49 years of age and was earning $30 a week. Since the accident he has resumed work with his former employer, but it appears that it was necessary for him to have assistance in making deliveries.

Complaint is also made in that two jurors in affidavits averred that they had of their own volition visited the scene of the accident. But the affidavits of other jurors are in the record and it does not appear that any of such jurors were in any way influenced in their conclusions by a discussion of the condition of the alley. The alley is only a block from the courthouse and no conflict appears in the evidence in respect of its location, nor does reversible error appear from the fact that the two jurors visited it.

The judgment is

AFFIRMED.